IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HOLLENBACK, JR., : | |
| Petitioner, : | |
| : | 1:17-cv-0721 |
| v. : | |
| : | Hon. John E. Jones III |
| SUPERINTENDENT CLARK, PA : | |
| STATE ATTORNEY GENERAL, : | |
| Respondents. : | |

## MEMORANDUM

## November 28, 2017

David Hollenback, Jr., ("Hollenback" or "Petitioner") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 24, 2017. (Doc. 1). Following initial review, the Court ordered Respondents to address the issue of the timeliness of the petition. (Doc. 8). After being granted two enlargements of time, Respondents filed their brief on October 31, 2017. (Docs. 12, 14, 15, 17, 18). Hollenback filed a "response" on November 16, 2017. (Doc. 19).

The issue of the timeliness of the petition is ripe for disposition. For the reasons that follow, the petition will be dismissed as untimely.

## I.  BACKGROUND

The following relevant state court background is extracted from the August 19, 2016 opinion of the Superior Court of Pennsylvania:

Appellant, David James Hollenback, Jr., appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We conclude that the PCRA court correctly found that it lacked jurisdiction to entertain Hollenbeck's petition and that none of Hollenback's arguments to the contrary entitle him to relief. We affirm.

\* \* \*

After a bench trial, Hollenback was convicted of multiple counts arising from the sexual abuse of a minor relative. The trial court imposed a sentence of imprisonment of 38 to 76 years. This Court subsequently affirmed the judgment of sentence and the Supreme Court of Pennsylvania denied allowance of appeal on September 17, 2012.

Over two years later, on February 17, 2015, Hollenback filed the instant PCRA petition *pro se*. Counsel was appointed to represent him and, after a hearing, the PCRA court dismissed the petition as untimely. This timely appeal followed.

On appeal, Hollenback concedes that his petition was facially untimely. *See* Appellant's Brief, at 14. However, he contends that he qualifies for the newly discovered fact exception to the PCRA's timebar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). The fact upon which he relies is the Supreme Court of the United States' decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). He asserts that since he was incarcerated at the time, he did not discover *Alleyne* until February 4, 2015. He thus contends that his petition, filed approximately two weeks later, satisfies the 60 day window of 42 Pa.C.S.A. § 9545(b)(2). It does not.

Decisional law, such as *Alleyne*, is not a "fact" under section 9545(b)(1)(ii). *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012).

Furthermore, our Supreme Court recently held that "*Alleyne* does not apply retroactively to cases pending on collateral review…."

> *Commonwealth v. Washington*, — A.3d —, — , 2016 WL 3909088, *8 (Pa., filed July 19, 2016).
>
> Hollenback has failed to establish the applicability of an exception to the PCRA's time bar, and the PCRA court correctly found that it had no jurisdiction to entertain his petition. This Court has soundly rejected Hollenback's arguments that Pennsylvania courts *always* retain jurisdiction to strike an illegal sentence. *See, e.g., Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) ("[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.").
>
> Order affirmed.

(Doc. 24-1, pp. 3-5). According to the electronic docket sheet found at

https://ujsportal.pacourts.us, Hollenback filed a Petition for Allowance of Appeal in the Supreme Court, which was denied on April 3, 2017.

Hollenback filed the instant federal habeas petition on April 24, 2017, seeking relief on five grounds. (Doc. 1, pp. 6-15, 19, 20).

## II.   DISCUSSION

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective

3

Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Hollenback's judgment of sentence became final on December 16, 2012, ninety days after the conclusion of his direct appeal. The one-year statute of limitations period commenced running as of that date and expired one year later.[1]

---

[1] To the extent that Hollenback relied on the *Alleyne* decision in the context of the untimely filing of his PCRA petition, *Alleyne* does not provide an alternative statute of limitations start date. When the Supreme Court announces a new rule of law, it generally applies retroactively only to

4

Hence, the present petition, filed on April 24, 2017, is patently untimely, unless statutorily or equitably tolled.

    1.    Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Hollenback filed his first PCRA petition on February 7, 2015. (Doc. 24-1, p. 4). However, it did not operate to toll the statute. The state courts found his PCRA to be untimely under the state statute of limitations and concluded that he had not established an exception to the timeliness requirements based on *Alleyne*. (Id. at pp. 4, 5). An untimely PCRA petition is not considered "properly filed" under section 2244(d)(2), and therefore does not statutorily toll the limitations

---

cases on direct appeal, and applies to finalized convictions only "in limited circumstances." *United States v. Reyes*, 755 F.3d at 212-13 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004)). In *Reyes*, the Third Circuit found that although *Alleyne* set out a new rule of law, it is not retroactively applicable to cases in which the conviction is already final. *Reyes*, 755 F.3d at 212-13. Accordingly, the applicable starting date for the AEDPA statute of limitations is the date on which Petitioner's judgment became final.

period. *Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Additionally, a PCRA petition cannot toll the statute of limitations where, as here, it is filed after the expiration of the federal habeas limitations period. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the limitations period because the federal habeas time limitations expired prior to the filing of the petition). Consequently, Hollenback is not entitled to statutory tolling.

Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

6

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *Holland v. Florida*, 560 U.S. 631, 653 (2010); *see also Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Importantly, the diligence requirement "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [petitioner] is exhausting state court remedies as well." *LaCava*, 398 F.3d at 277) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary

7

circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Hollenback failed to exercise reasonable diligence throughout the limitations period and proffers no explanation other than writing in the "Timeliness of Petition" section of his habeas petition, "Miscarriage of Justice; Equitable Tolling." (Doc. 1, p. 17). He allowed approximately 783 days to pass between the date on which his Judgment of Sentence became final and the filing of his first PCRA petition.

With regard to his state court argument, that his incarceration impaired his ability to discover the *Alleyne* decision and, thus, bring a timely PCRA, the Third Circuit and district courts within this circuit have found this argument to be wholly without merit in the context of equitable tolling. *See Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (finding that a prisoner proceeding *pro se* is not insulated from "reasonable diligence" inquiry and lack of legal knowledge or training does not alone justify equitable tolling); *Carter v. Pierce*, 196 F. Supp.3d 447, 455 (D. Del. 2016); *Patrick v. Phelps*, 764 F. Supp. 2d 669, 673 (D. Del. 2011) (stating "[L]imited access to the [prison's] law library and legal materials is

a routine aspect of prison life [that does not warrant equitable tolling]"); *Otero v. Warden, SCI Dallas*, No. 16-4643, 2017 WL 2470639, at *4 (E.D. Pa. Jan. 31, 2017).

Moreover, there is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum or that he was misled by the state court regarding the steps that he needed to take to preserve his claims. In his petition he states that counsel either did not, or refused to, raise certain issues, and in his "Response" he argues that the statute of limitations is irrelevant due to the "Commonwealth's deliberate hijack/lynching of Judicial Process and Due Process Rights of your Petitioner, for the sole purpose of securing Petitioner's conviction." (Doc. 1, pp. 6, 8, 11, 13-15; Doc. 19, p. 1). He attacks the refusal of PCRA counsel to raise certain issues, the criminal investigation of the charges brought against him, the manner in which evidence was garnered, the bench trial proceedings, and the sentence. (Doc. 19, p. 2). None of this, however, demonstrates the presence of circumstances beyond his control that prevented him from complying with the state court PCRA deadlines or the federal habeas statute. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of

reason would not find the procedural disposition of this case debatable.

Accordingly, no COA will issue.

    An appropriate Order will enter.